UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EMILIO PRIETO and
EP NATIONAL ALUMINUM CORP.,
    an inactive Florida corporation,

    Plaintiffs,

                                                                     Case No.   1:14-cv-21366-FAM

v.

BANK OF AMERICA, N.A.,
    Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S DEMAND FOR ATTORNEYS' FEES
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant Bank of America, N.A. ("BOA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), and moves to strike Plaintiff's request for attorneys' fees in its Complaint, and in support thereof state as follows:

    1.    Plaintiffs' one-count Complaint alleges that BOA was unjustly enriched after Plaintiffs made payments to BOA on a line of credit account that had been fraudulently established by one or more unknown individuals using the identity of one or both Plaintiffs. Complaint ¶¶ 12, 14-15.

    2.    Part of the relief requested by Plaintiffs in the ad damnum clause is an award of attorneys' fees.

    3.    Because Plaintiffs have not articulated a basis for the recovery of attorneys' fees, this Court should strike that portion of the Complaint.

WHEREFORE, BOA respectfully requests that the Court enter an order striking the request for attorneys' fees from Plaintiff's Complaint and award whatever other relief it deems just and proper.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading, among other things, any immaterial or impertinent matter. It is well-settled that where a complaint asserts entitlement to attorneys' fees but does not offer any statutory, contractual, or other basis for such an award, the court may strike the request. *See, e.g.*, <u>Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.</u>, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012).

In this case, the Complaint does not articulate a statutory, contractual, or other basis for attorneys' fees. Indeed, there does not appear to be any right to an award of attorneys' fees arising out of a claim for unjust enrichment. As such, this Court should strike Plaintiffs'' request for attorneys' fees contained in the ad damnum clause of the Complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows:

<u>The undersigned counsel called the office of Jorge Piñon, Esq. on April 23, 2014, at approximately 10.25 a.m. As of the time of filing this motion, Mr. Piñon had not returned the call.</u>

/s/ Blake J. Delaney
Blake J. Delaney, Esq.
Florida Bar No. 0015187
Mark S. Auerbacher, Esq.
Florida Bar No. 978220
**Buchanan Ingersoll & Rooney PC**
401 East Jackson Street, Suite 2400
Tampa, FL  33602-5236
Tel:  (813) 222-8180
Fax:  (813) 222-8189
blake.delaney@bipc.com
mark.auerbacher@bipc.com
*Attorneys for Defendant Bank of America, N.A.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by regular U.S. mail and e-mail on April 23, 2014 on all counsel or parties of record on the Service List below.

/s/ Blake J. Delaney
Attorney

### SERVICE LIST

Jorge L. Piñon, Esq.
The Law Office of Jorge L. Piñon, P.A.
9260 Sunset Drive, Suite 118
Miami, Florida 33173
Tel:  305-273-3901
Email: e-submission@jplawfirm.net
*Attorney for Plaintiff*